■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GLOVER, Appellant. [655 NYS2d 345] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered December 13, 1994, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that the court improperly failed to inquire of a juror whether she had been paying attention during summation is unpreserved for appellate review since defendant failed to request an inquiry and did not object to the court's reliance on its own observations (*see, People v Jones*, 173 AD2d 359, *lv denied* 78 NY2d 1077), and we decline to review it in the interest of justice. In any event, the court's observations served as a sound basis for it to determine that an inquiry was not needed (*see, People v McIntyre*, 193 AD2d 626, *lv denied* 82 NY2d 757). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.

■ JADE MANUFACTURERS OUTLET, INC., Appellant, v TRANSAMERICA INSURANCE COMPANY, Respondent. [655 NYS2d 342] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered August 15, 1996, which, in an action to recover under an insurance policy for water damage, granted defendant insurer's motion to dismiss the complaint as time-barred, unanimously affirmed, with costs.

The motion court properly deemed defendant's failure to comply with the mailing requirements of CPLR 2103 (b) (2) as an irregularity to be disregarded under CPLR 2001. After challenging the motion to dismiss solely on the ground that the moving papers had been improperly mailed from New Jersey (CPLR 2103 [f] [1]), plaintiff chose to adjourn the matter in order to submit opposition on the merits in preference to the court's alternative option of immediately granting defendant's motion on default in order to provide plaintiff an immediate avenue for appeal. *National Org. for Women v Metropolitan Life Ins. Co.* (70 NY2d 939) is distinguishable, in that there the service of papers was jurisdictional (*see, Matter of Haverstraw Park v Runcible Props. Corp.*, 33 NY2d 637). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.