■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CAMPOSANO, Appellant. [704 NYS2d 13] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered September 13, 1996, convicting defendant, after trial, of two counts of kidnapping in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 17 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility.

The record fails to support defendant's claim that the prosecutor made a summation argument accusing defense counsel of fraudulent conduct. The remainder of defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were proper responses to the defense summation (see, People v Overlee, 236 AD2d 134, lv denied 91 NY2d 976).

The court properly exercised its discretion in refusing to remove a juror or conduct an inquiry after defense counsel complained that the juror's demeanor during trial suggested partiality, since neither co-counsel, the prosecutor nor the court observed the complained-of conduct (see, People v Gonzalez, 247 AD2d 328; People v Glover, 237 AD2d 104, lv denied 89 NY2d 1093), and since the court promptly delivered instructions to the jury that were sufficient to prevent any prejudice.

Defendant was not entitled to be present at a robing room conference concerning a matter of law, since defendant would have had no meaningful input (People v Velasco, 77 NY2d 469). Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.