■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONICA MALDONADO, Appellant. [719 NYS2d 564] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered July 31, 1997, convicting defendant, after a jury trial, of assault in the second degree, and sentencing her to a term of 2 to 6 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application to remove two jurors who had allegedly been conversing and laughing during defendant's testimony. Defendant's claim that the court should have inquired into the fitness of the jurors to continue serving is unpreserved for appellate review since defendant failed to request any inquiry and did not object to the court's reliance on its own observations (*see, People v Gonzalez*, 247 AD2d 328, *lv denied* 91 NY2d 973; *People v Glover*, 237 AD2d 104, *lv denied* 89 NY2d 1093), and we decline to review the issue in the interest of justice. Were we to review this claim, we would find that the court's observations provided a sound basis to determine that no further inquiry was necessary.

Defendant's challenge to the court's charge on reasonable doubt is unpreserved because defendant's objection at trial was to an entirely different section of the charge than that to which she now objects (*see, People v Luperon*, 85 NY2d 71, 78), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge insofar as challenged on appeal conveyed the proper standard (*see, People v Fields*, 87 NY2d 821, 823).

The restrictions placed by the court on defendant's cross-examination of a police witness at the hearing on defendant's motion to suppress a statement could not have affected the outcome of the hearing. In any event, defendant's statement was largely exculpatory and duplicative of defendant's own trial testimony (*see, People v Benjamin*, 257 AD2d 660, *lv denied* 93 NY2d 922). Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.