■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE CAIN, Appellant. [792 NYS2d 60]—

Judgment, Supreme Court, Bronx County (John S. Moore, J.), rendered April 23, 2003, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him to concurrent terms of 25 years to life and 15 years, respectively, unanimously affirmed.

The court properly exercised its discretion in admitting testimony from the surviving victim and from an expert witness concerning defendant's membership in the Bloods gang, as well as the customs, hierarchies and violent practices of the Bloods. This evidence was highly probative of defendant's motive, as well as his accessorial liability for the acts of the person who

actually shot the victims, in that the evidence was critical to the jury's understanding of the relationship among defendant, the victims, and the gunman (*see e.g. People v Wilson*, 14 AD3d 463 [2005]; *People v Edwards*, 295 AD2d 270 [2002], *lv denied* 99 NY2d 557 [2002]; *People v Chebere*, 292 AD2d 323 [2002], *lv denied* 98 NY2d 673 [2002]). The evidence was not inflammatory, and the court's thorough instructions minimized any potential for prejudice. The court also took sufficient curative measures when the People introduced evidence that went beyond the court's advance ruling.

Although evidence of the surviving victim's lineup identification of the separately tried second perpetrator was irrelevant (*see People v Jenkins*, 305 AD2d 287 [2003], *lv denied* 100 NY2d 621 [2003]), the court provided extensive limiting instructions that prevented any prejudice.

The prosecutor's brief and isolated summation reference to testimony that had been stricken from the record does not warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.