■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN J. MOLINA, Appellant. [900 NYS2d 787]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 25, 2009, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the first degree, conspiracy in the second degree and criminal possession of a controlled substance in the third degree.

On April 11, 2008, defendant obtained over four kilograms of cocaine in New York City, transported it to Albany County with the aid of a codefendant and sold it to a third codefendant, a local drug dealer who planned to resell the cocaine in the Albany area. Through a wiretap on the Albany dealer's mobile phone, the police became aware of the sale and promptly arrested all three defendants. For his role, defendant was charged by indictment with conspiracy in the second degree (count one), criminal possession of a controlled substance in the first degree (count two), criminal possession of a controlled substance in the third degree (count three) and criminal sale of a controlled substance in the first degree (count four). Following a jury trial, defendant was convicted of all four counts. County Court then imposed concurrent prison sentences on counts one, two and three, the longest of which is a prison term of 19 years with five years of postrelease supervision on count two. The court also imposed a consecutive sentence of 20 years with five years of postrelease supervision on count four. As a result, his sentences aggregated 39 years in prison.

On appeal, defendant asserts, and the People concede, that the sentences imposed on counts two, three and four must run

concurrently because those charges arose out of a single possession and sale of cocaine on April 11, 2008 (*see* Penal Law § 70.25 [2]; *People v Smith*, 209 AD2d 996, 996 [1994], *lv denied* 85 NY2d 914 [1995]; *People v Saa*, 199 AD2d 346, 346-347 [1993]; *see generally People v Eddie*, 87 NY2d 640, 643-644 [1996]). We will modify defendant's sentence on count four accordingly (*see People v LaSalle*, 95 NY2d 827, 829 [2000]; *People v Rollins*, 51 AD3d 1279, 1282 [2008], *lv denied* 11 NY3d 922 [2009]).

We are not persuaded, however, that defendant's lawful sentences were either excessive or imposed as punishment for exercising his right to go to trial. We note that the volume and degree of sophistication of drug trafficking as well as a defendant's role in facilitating drug offenses all have a bearing on what sentence is appropriate and proportionate to the crimes committed (*see People v Thompson*, 83 NY2d 477, 482-484 [1994]). Inasmuch as the record here shows that defendant was a major narcotics trafficker whose activities enabled others to engage in substantial drug sales, County Court could consider that evidence as well as defendant's failure to accept responsibility for his actions. Although the aggregate 20-year sentence as modified is more severe than the 12-year term offered to defendant in the proposed plea agreement, " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chilson*, 285 AD2d 733, 735 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002], quoting *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *see People v Saunders*, 309 AD2d 1063, 1065 [2003]). The record here provides no support for defendant's claim that the individual sentences imposed were in retaliation rather than warranted by the seriousness of his crimes (*see People v Morgan*, 253 AD2d 946 [1998], *lv denied* 92 NY2d 950 [1998]; *People v Simon*, 180 AD2d at 867; *compare People v Morton*, 288 AD2d 557, 559 [2001], *lv denied* 97 NY2d 758 [2002], *cert denied* 537 US 860 [2002]). Nor do we find any other abuse of discretion or extraordinary circumstances that would warrant modification of defendant's sentences (*see People v Burroughs*, 64 AD3d 894, 898-899 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]).

Mercure, J.P., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the sentence imposed on count four of the indictment charging criminal sale of a controlled substance in the first degree shall run concurrently with the sentences imposed on the other charges, and, as so modified, affirmed.