■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVEL JONES, Appellant. [973 NYS2d 136]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered March 30, 2011, convicting defendant, after a nonjury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence supports a reasonable inference that defendant cut the victim's face with a razor blade, as opposed to merely punching her, and that he did so with the intent to cause serious physical injury.

Since defendant made an offer of proof at trial that was completely different from the theory of relevance he asserts on appeal, his claim that the court unduly restricted his cross-examination of the victim is unpreserved (see People v Brown, 298 AD2d 176 [2002], lv denied 99 NY2d 556 [2002]). Defendant's constitutional argument is unpreserved for the same reason, as well as the additional reason that defendant never asserted a constitutional right to pursue the line of inquiry at issue (see e.g. People v Lane, 7 NY3d 888, 889 [2006]). We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. Defendant was not deprived of his right to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).

Defendant did not properly preserve his claim that the court erred in delaying its consideration of his request to proceed pro se—asserted for the first time during cross-examination of the victim—until after the victim's testimony had concluded; in any event, defendant abandoned that claim when, through counsel, defendant withdrew his request to represent himself (see People v Douglas, 227 AD2d 130 [1st Dept 1996], lv denied 88 NY2d 965 [1996]).

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for

reducing the sentence. Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.