■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HIERRO, Appellant. [994 NYS2d 614]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered October 15, 2012, convicting defendant, after a jury trial, of attempted assault in the first degree (two counts) and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.

Defendant did not preserve his claim that the evidence supporting the attempted first-degree assault convictions was legally insufficient to establish the element of intent to cause serious physical injury, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the

merits. We also find that the verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports reasonable inferences that defendant slashed the victim's face with an unidentified sharp object, and that he did so with intent to cause the victim serious physical injury (see e.g. *People v Jones*, 110 AD3d 493 [1st Dept 2013]).

The court properly exercised its discretion in admitting evidence of defendant's gang affiliation, since it was highly probative of defendant's motive, and "was central to the jury's understanding of an otherwise unexplained assault" (*People v Wilson*, 14 AD3d 463, 463 [1st Dept 2005], *lv denied* 4 NY3d 857 [2005]). Testimony from the victim and from a police officer demonstrated why members of defendant's gang would be motivated to target this victim. Furthermore, the court's limiting instructions minimized any prejudicial effect. Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.