■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WIGGINS, Appellant. [17 NYS3d 421]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered on June 12, 2013, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a prison term of 4½ years, unanimously affirmed.

Defendant's claim that the court should have inquired into a juror's fitness to continue serving is unpreserved because defendant, who requested other remedies, failed to join in his codefendant's request for an inquiry (*see People v Buckley*, 75 NY2d 843 [1990]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly determined, based on its own observations, that no inquiry was necessary (*see People v Maldonado*, 279 AD2d 406 [1st Dept 2001], *lv denied* 96 NY2d 802 [2001]; *see also People v Buford*, 69 NY2d 290, 299 [1987]). The juror's brief outburst telling the codefendant's counsel not to use a racial epithet "again" during cross-examination demonstrated that she was bothered by the repeated use, at least four times, of the phrase, rather than by counsel's initial line of questioning, in which he was eliciting the relevant language used in a conversation. In any event, a juror's mere annoyance with a question or with counsel would not be a basis for discharge (*Buford*, 69 NY2d at 298-299). Accordingly, the court's instructions to all of the

jurors to refrain from speaking from the jury box, to refrain from holding any questions they did not like against any of the parties, and to alert the court if they believed they could not be fair and impartial, sufficed under these circumstances (*see People v Mejias*, 21 NY3d 73, 80 [2013]; *People v Marshall*, 106 AD3d 1, 10 [1st Dept 2013], *lv denied* 21 NY3d 1006 [2013]).

Defendant's similarly unpreserved contention that the juror's outburst warranted an inquiry because she might have been inclined to usurp the court's role and disregard any later instructions is speculative, and further belied by the record, as the juror refrained from making any further comments from the jury box after the court told her not to do so. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.