*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 27, 2016                105693
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                               MEMORANDUM AND ORDER

DANTE D. MAJOR,
                        Appellant.
_____


Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

                    _____


        Jonathan I. Edelstein, New York City, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.


                    _____


Peters, P.J.

        Appeal from a judgment of the County Court of Otsego County
(Burns, J.), rendered January 16, 2013, upon a verdict convicting
defendant of the crimes of operating as a major trafficker,
criminal possession of a controlled substance in the first degree
and criminal possession of a controlled substance in the third
degree (two counts).

        Following a lengthy investigation by numerous law
enforcement agencies into narcotics trafficking in Otsego County,
defendant was charged with various crimes arising from his
alleged possession and sale of significant quantities of
oxycodone powder between July and December 2011.  A jury trial
ensued, at the conclusion of which defendant was convicted as
charged of operating as a major trafficker, criminal possession

of a controlled substance in the first degree and two counts of criminal possession of a controlled substance in the third degree. County Court denied defendant's motion to set aside the verdict and sentenced him, as a second felony drug offender with a prior violent felony conviction, to an aggregate prison term of 55 years to life plus five years of postrelease supervision. He appeals.

County Court providently exercised its discretion in denying defendant's request to conduct an inquiry of the jurors after receiving a note indicating that defense counsel was making "inappropriate facial and eye gestures at [them] as though he is trying to lead . . . and influence [them]." "When a sworn juror's comments or actions raise[] a question concerning his or her ability to be impartial, 'the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant'" (People v Ruggiero, 279 AD2d 538, 538 [2001], lv denied 96 NY2d 834 [2001], quoting People v Buford, 69 NY2d 290, 299 [1987] [citation omitted]; see People v Mejias, 21 NY3d 73, 79 [2013]). Here, the note did not indicate impartiality on behalf of any of the jurors. Rather, it merely expressed irritation with the mannerisms and/or behavior of counsel, which — by itself — would not be a basis for discharge (see People v Buford, 69 NY2d at 298-299; People v Wiggins, 132 AD3d 514, 514 [2015], lv denied 27 NY3d 1076 [2016]; People v Reichel, 110 AD3d 1356, 1359 [2013], lv denied 22 NY3d 1090 [2014]; People v Benet, 45 AD3d 1449, 1451 [2007], lv denied 10 NY3d 761 [2008]). Thus, a Buford inquiry was not required and County Court's instructions to all of the jurors to disregard the manner of the attorneys and to alert the court if they believed they could not be fair and impartial for any reason, including the conduct of either attorney, were sufficient (see People v Mejias, 21 NY3d at 80; People v Wiggins, 132 AD3d at 514-515; People v Boney, 119 AD3d 701, 702 [2014], lv denied 24 NY3d 1082 [2014]; People v Marshall, 106 AD3d 1, 10 [2013], lv denied 21 NY3d 1006 [2013]).

Nor did County Court err when it denied defendant's request to instruct the jury that all nine of the cooperating witnesses were accomplices as a matter of law with respect to the operating as a major trafficker charge. We agree with defendant that

County Court failed to acknowledge that "the definition of an accomplice for the purpose of the corroboration rule differs significantly from the definition of an accomplice for purposes of accomplice criminal liability" (People v Medeiros, 116 AD3d 1096, 1098 [2014], lv denied 24 NY3d 1045 [2014]; see People v Berger, 52 NY2d 214, 219 [1981]).  For purposes of the corroboration requirement, an accomplice is defined as "a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) [t]he offense charged; or (b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]).  The inclusion of paragraph (b) was intended to expand the definition of an accomplice "'in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable'" (People v Basch, 36 NY2d 154, 157 [1975], quoting People v Beaudet, 32 NY2d 371, 378 [1973]).  That said, "there remains the requirement that the alleged accomplice be in some manner 'implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial'" (People v Dorta, 46 NY2d 818, 820 [1978], quoting Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.22, at 194-195; see People v Fielding, 39 NY2d 607, 610 [1976]; People v Nelson, 128 AD3d 1225, 1227 [2015], lv denied 26 NY3d 1041 [2015]).

Notwithstanding the fact that several of the witnesses at issue were either offered immunity from prosecution or had cooperated with the People in exchange for less stringent treatment of their own illegal conduct, defendant has not shown that any of the seven witnesses who were not charged as accomplices as a matter of law participated in a criminal offense based upon the facts and conduct constituting the crime of operating as a major trafficker.  As pertinent here, a person commits the crime of operating as a major trafficker when he or

she, as a "profiteer,"[1] knowingly and unlawfully sells[2] a narcotic drug on one or more occasions during a period of six months or less, and the proceeds due or collected from such sales have a total value of at least $75,000 (Penal Law § 220.77 [2]). The trial testimony established that defendant sold large quantities of oxycodone to Christina Ramsell and Clarence Vanier who would, in turn, sell or distribute the drugs to others in the Otsego area. County Court properly charged the jury that Ramsell and Vanier, as purchasers of the drugs at issue, were accomplices as a matter of law (see People v Knightner, 11 AD3d 1002, 1004 [2004], lv denied 4 NY3d 745 [2004]; People v Artis, 182 AD2d 1011, 1013 [1992]; People v Tune, 103 AD2d 990, 991-992 [1984]). The seven other cooperating witnesses, however, did not take part in the sales for which defendant stood trial, but rather simply assisted in the subsequent packaging and/or distribution of the drugs. Thus, while these witnesses admittedly engaged in criminal conduct following defendant's sale of oxycodone to Ramsell and Vanier, such conduct was not "based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2] [b]; see People v Jones, 73 NY2d 902, 903 [1989]; People v Anderson, 118 AD3d 1138, 1143-1144 [2014], lv denied 24 NY3d 1117 [2015]; People v Freeman, 305 AD2d 331, 331 [2003], lv denied 100 NY2d 594 [2003]). In other words, the facts and conduct constituting the crime of operating as a major trafficker did not involve any possession or sale of drugs in which the challenged witnesses participated. "To hold, as defendant would have us, that it should suffice to show only that the particular witness was 'in some way implicated' in defendant's criminal activity would be to stretch the statute far beyond the ambit intended by the Legislature" (People v McAuliffe, 36 NY2d 820, 822 [1975]; see People v Caban, 5 NY3d 143, 153-154 [2005]; see also People v Brooks, 34 NY2d 475,

---

[1]  A profiteer is defined as "a person who arranges, devises or plans one or more transactions constituting a felony so as to obtain profits or expected profits" (Penal Law § 220.00 [20]).

[2]  The term "sell" means "to sell, exchange, give or dispose of to another, or to offer or agree to do the same" (Penal Law § 220.00 [1]).

477-478 [1974] [admonishing that a "mechanical, literal" interpretation of CPL 60.22 is disfavored]). As the seven cooperating witnesses at issue were not accomplices as a matter of law, County Court properly refused to so charge the jury.

Defendant also claims that his cross-examination of a police witness was improperly curtailed. Mindful that the scope and extent of cross-examination is committed to the sound discretion of the trial court (see People v Halter, 19 NY3d 1046, 1050 [2012]; People v Hayes, 17 NY3d 46, 53 [2011], cert denied 132 S Ct 844 [2011]), we discern no abuse of discretion here (see People v Richardson, 28 AD3d 1002, 1004 [2006], lv denied 7 NY3d 817 [2006]). In any event, any error in that regard would be harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt (see People v Spencer, 20 NY3d 954, 956-957 [2012]; People v Junior, 119 AD3d 1228, 1231 [2014], lv denied 24 NY3d 1044 [2014]).

We do agree, in part, with defendant's contention that County Court erred in imposing consecutive sentences. Concurrent sentences must be imposed "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; accord People v Rodriguez, 25 NY3d 238, 244 [2015]). Conversely, "consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (People v Ramirez, 89 NY2d 444, 451 [1996]; see People v McKnight, 16 NY3d 43, 48 [2010]).

Here, the acts constituting the crime of operating as a major drug trafficker consisted of defendant's numerous sales of oxycodone for an aggregate profit of more than $75,000. In contrast, the criminal possession of a controlled substance charges were based upon defendant's possession – at different locations on two separate dates – of certain quantities of oxycodone that had yet to be sold. Accordingly, County Court did not err in ordering the sentence on the operating as a major trafficker charge to run consecutively to the possession charges (see People v Perry, 70 AD3d 1063, 1065 [2010], lv denied 14 NY3d

804 [2010]; People v Brennan, 62 AD3d 1167, 1169 [2009], lv denied 13 NY3d 794 [2009]). Likewise, County Court properly ordered the sentence on the first degree possession charge to run consecutively to the third degree possession charges, as the former and latter charges involved separate acts (see People v Perry, 70 AD3d at 1065). But the sentences imposed on the two counts of criminal possession of a controlled substance in the third degree must run concurrently, as both arose out of a single possession of oxycodone on October 13, 2011 (see People v Molina, 73 AD3d 1292, 1292-1293 [2010], lv denied 15 NY3d 807 [2010]; People v Eddo, 55 AD3d 922, 924 [2008], lv denied 11 NY3d 897 [2008]; People v Smith, 209 AD2d 996, 996 [1994], lv denied 85 NY2d 914 [1995]; People v Varon, 168 AD2d 349, 351 [1990], lv denied 77 NY2d 911 [1991]). Thus, we modify defendant's sentence accordingly.

Otherwise, we find no basis upon which to reduce the sentence imposed. Even had defendant preserved his claim that he was punished for exercising his right to trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]), the mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations does not, without more, establish retaliation or vindictiveness (see People v Pena, 50 NY2d 400, 411-412 [1980], cert denied 449 US 1087 [1981]; People v Acevedo, 118 AD3d 1103, 1108 [2014], lv denied 26 NY3d 925 [2015]). County Court thoroughly set forth its reasons for imposing a lengthy sentence, including the substantial quantities of oxycodone supplied by defendant, the harm that defendant's conduct caused to the affected individuals, their families and the community, defendant's lack of remorse or insight into the consequences of his actions and his extensive criminal history — which included convictions for a violent felony as well as numerous drug-related crimes. The record contains no support for the conclusion that the sentence was retaliatory rather than based upon the seriousness of the offenses and other relevant sentencing factors. Nor do we find any abuse of discretion or extraordinary circumstances warranting a reduction of defendant's modified sentence in the interest of justice (see People v Williams, 138 AD3d 1233, 1238-1239 [2016], lvs denied 28 NY3d 932, 939 [2016]; People v Rodriguez, 121 AD3d 1435, 1443 [2014],

lv denied 24 NY3d 1122 [2015]; People v Molina, 73 AD3d at 1293).

Egan Jr., Lynch, Rose and Aarons, JJ., concur.

ORDERED that the judgment is modified, on the law, by directing that defendant's sentences for criminal possession of a controlled substance in the third degree under counts three and four of the indictment shall run concurrently to one another, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court