■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCESAM BAILEY, Appellant. [50 NYS3d 53]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered July 30, 2013, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court providently exercised its discretion in admitting evidence of defendant's membership in the Bloods gang and

testimony from an expert witness concerning the customs, hierarchies and violent practices of the Bloods. On appeal, defendant's principal argument is that the extent of this evidence was excessive. However, the level of detail permitted by the court was highly probative of defendant's motive and "was central to the jury's understanding" of the relationship among defendant and his two codefendants and his participation in "an otherwise unexplained assault" (*see People v Hierro*, 122 AD3d 420, 421 [1st Dept 2014], *lv denied* 25 NY3d 1165 [2015]; *People v Cain*, 16 AD3d 288 [1st Dept 2005], *lv denied* 4 NY3d 884 [2005]). Simply informing the jury, as defendant suggests, that the participants in the crime were fellow gang members would not have sufficed to permit the jury to fully understand defendant's conduct. The court's thorough instructions minimized any prejudicial effect.

Defendant's claim regarding an incident involving a juror is similar to an argument unsuccessfully raised on a codefendant's appeal (*People v Wiggins*, 132 AD3d 514 [1st Dept 2015], *lv denied* 27 NY3d 1076 [2016]). We find no reason to revisit the determinations made on that appeal, with regard to both preservation and the merits. The fact that the juror's outburst was directed at counsel for this particular defendant does not warrant a different result. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.