People v Batticks (2018 NY Slip Op 07249)





People v Batticks


2018 NY Slip Op 07249


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7522 5102/11

[*1]The People of the State of New York, Respondent,
v
Jonathan Batticks, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Anita Aboagye-Agyeman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered June 12, 2013, as amended September 4, 2013, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a prison term of six and one-half years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's acquittal of other charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
Defendant's claim regarding an incident involving a juror is similar to an argument unsuccessfully raised on appeal by both his codefendants (People v Wiggins, 132 AD3d 514 [1st Dept 2015], lv denied 27 NY3d 1076 [2016]; People v Bailey, 148 AD3d 547 [1st Dept 2017], affd on other grounds ___ NY3d ___ [2018], NY Slip Op ___ NY3d ___ [2018], 04383 [2018]). Defendant, unlike his codefendants, preserved his claim by asking the trial court to conduct an inquiry to determine if the juror was grossly unqualified. However, we adhere to our ruling in those cases (expressed, not as "dicta" but as an alternative holding) that the trial court properly determined, based on its own observations, that no inquiry was necessary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK