People v Goldman (2020 NY Slip Op 06965)





People v Goldman


2020 NY Slip Op 06965


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Kapnick, Singh, Moulton, JJ. 


Ind No. 1114/12 Appeal No. 9039 Case No. 2016-02069 

[*1]The People of the State of New York, Respondent,
v
Reginald Goldman, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jordan K. Hummel of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., at search warrant hearing; Martin Marcus, J., at jury trial and sentencing), rendered June 9, 2016, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
This matter is before us upon remittitur from the Court of Appeals for determination of facts and issues raised but not determined in our previous decision reversing the judgment of conviction, which decision the Court of Appeals has reversed (see 171 AD3d 581 [1st Dept 2019], revd __ NY3d __, 2020 NY Slip Op 05977 [Oct. 22, 2020]). Apart from the issues [*2]addressed by the Court of Appeals in its decision, this Court's prior decision determined that "the verdict was supported by legally sufficient evidence and was not against the weight of the evidence" (171 AD3d at 583). Accordingly, the only issues raised by defendant on his appeal remaining to be determined at this juncture are whether the trial court properly permitted a police witness to testify as an expert and whether the sentence imposed was excessive. Those issues are addressed below.
Defendant argues that the court committed reversible error in permitting a police detective to testify, as an expert on gang language, concerning the meaning of a slang expression allegedly uttered by defendant during the incident giving rise to the prosecution. Initially, to the extent defendant argues that the presentation of this testimony deprived him of his constitutional right to a fair trial, defendant failed to preserve any claim of constitutional error with respect to this testimony. Also unpreserved is any claim that the court failed to give adequate limiting instructions concerning this testimony. Defendant's argument is otherwise unavailing, as it is well established that "the meaning of coded communications is a proper subject of expert testimony" (People v Inoa, 25 NY3d 466, 473 [2015]), as are a gang's "customs, hierarchies, and violent practices" (People v Bailey, 148 AD3d 547, 547-548 [1st Dept 2017], affd 32 NY3d 70 [2018]). Unlike Inoa, in which the admission of the expert testimony was found to be error, the challenged expert testimony in this case was permissible because it did not deal extensively with matters within the jurors' ken, the police witness had not been intimately involved in the investigation of the subject crime, and the record affords no basis for concluding that the element of the testimony to which defendant objects was based on knowledge that the witness had gained from the investigation of this case. In any event, in view of the strength of the overall evidence against defendant, we find that any error in the admission of this testimony was harmless.
Finally, in view of the serious and violent nature of the crime, we perceive no grounds for reduction of the sentence in the interest of justice. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020