People v Washington (2023 NY Slip Op 03291)

People v Washington

2023 NY Slip Op 03291

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Ind. No. 2607/16 Appeal No. 473 Case No. 2018-4645 

[*1]The People of the State of New York, Respondent,
v
Demetrius Washington, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered June 28, 2018, convicting defendant, after a jury trial, of gang assault in the first degree (two counts), criminal possession of a weapon in the second degree and conspiracy in the third degree, and sentencing him to an aggregate term of 40 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new aggregate term of 25 years, and otherwise affirmed.
Defendant's argument that his gang assault convictions were against the weight of the evidence is unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find no basis to disturb the jury's credibility determinations, and the jury's mixed verdict does not warrant a different conclusion. Although in performing weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]).
The court providently exercised its discretion in admitting evidence of gang language and practices through the People's expert (see People v Bailey, 148 AD3d 547, 548 [1st Dept 2017], affd 32 NY3d 70 [2018]). To the extent that the witness explained coded words and phrases, we find that this testimony did not exceed the limitations contained in People v Inoa (25 NY3d 466, 474 [2015]). Although the witness also testified about his own observations, there was no legal impediment to the officer testifying as both a fact and expert witness (see People v Pinkston, 169 AD3d 520, 520-21 [1st Dept 2019], lv denied 33 NY3d 1108 [2019]). The officers who testified about how they identified the codefendants as associated members of a gang based their testimony on personal observations, review of video footage and the individuals in custody, social media posts linking them together, and nontestimonial statements made in phone calls and text messages reviewed. Assuming that the witnesses' reference to how they also used unspecified debriefings of nontestifying informants when identifying members violated the Confrontation Clause, we find that the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]). This evidence was limited to the issue of gang affiliation, and it was cumulative to extensive admissible evidence on that subject.
Defendant did not preserve his claim that the court's charge on gang assault was defective, his claim that evidence of defendant's social media posts and videos should have been excluded, and his Second Amendment challenge to his weapon possession conviction, and we decline to review these arguments in the interest of justice. As an alternative holding, we find no basis for reversal. We have considered [*2]and rejected defendant's arguments on the subject of preservation or lack thereof, including his related claim of ineffective assistance of counsel.
We find the sentence excessive to the extent indicated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023