(December 18, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MARSHALL, Appellant. [869 NYS2d 652]—

Stein, J.

Defendant was indicted and charged with criminal sale of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana[1] in connection with two "controlled buys" in the City of Albany. Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree (two counts), acquitted of criminally using drug paraphernalia in the second degree and sentenced as a second felony offender to an aggregate prison term of 12 years with three years of postrelease supervision. Defendant now appeals.

The record evidence shows that, on June 9 and 21, 2005, a confidential informant (hereinafter CI) participated in two controlled buys at the home of Gina Thomas in the City of Albany. In both instances, the CI was wearing a concealed device which transmitted audio while the controlled buy was in progress, enabling the police to hear and record it. Police officers listened to the audio transmission and observed the locale as the controlled buys occurred. Each time the CI arrived at Thomas's home, Thomas used the CI's cellular telephone to call defendant's cellular telephone and order a bundle of heroin. Thereafter, while Thomas and the CI waited for defendant to arrive, the CI gave Thomas $150 for the heroin and $20 for her participation in obtaining the heroin. On June 9 (as to count one), Thomas and the CI waited for defendant outside Thomas's home. Upon defendant's arrival, Thomas went to defendant's car, got in, leaned in towards defendant and got out again—all within approximately 30 seconds. Thomas then walked over to the CI and handed him heroin. On July 21 (as to count two), the CI exited Thomas's home with Thomas after defendant arrived. Thomas then got into defendant's car and the two drove off, returning a short time later, whereupon Thomas approached the CI and handed him heroin.

Turning first to defendant's suppression arguments, we initially find no error in the determination of County Court (Herrick, J.) that there was probable cause to support the issuance of the search warrant. "[A] search warrant may be validly based upon hearsay information found to be reliable . . . In this regard, an affidavit by a police officer which is based upon the observations made by a fellow police officer when the two are engaged in a common investigation furnishes a reliable basis for the warrant" (*People v Londono*, 148 AD2d 753, 753 [1989] [citations omitted]; *see People v Rivenburgh*, 1 AD3d 696, 699 [2003], *lv denied* 1 NY3d 579 [2003]; *see generally People v Petralia*, 62 NY2d 47 [1984], *cert denied* 469 US 852 [1984]).

---

1. Supreme Court, upon defendant's motion, dismissed this count following the close of the People's case.

Here, probable cause to believe that defendant was involved in the sale of heroin was supported by the information provided to City of Albany Police Detective John Monte (the detective in charge of the controlled buy operation) by the CI and by police officers directly involved in the controlled buys who had personally observed and listened to the audio transmission of the transactions. Moreover, defendant failed to demonstrate that statements made by the police officers in support of the warrant application with regard to the exchange of heroin between defendant and Thomas[2] —in the absence of evidence that any police officers or the CI actually saw the alleged exchange—were "knowingly false or made in reckless disregard of the truth" (*People v Griffin*, 234 AD2d 718, 720 [1996], *lv denied* 89 NY2d 1036 [1997]; *see People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]).

We also reject defendant's contention that Supreme Court should not have allowed into evidence records relating to defendant's cell phone number. Although defendant's cell phone was suppressed by County Court, the CI's cell phone, together with the police call detail records, provided an independent source for the discovery of defendant's number (*see People v Richardson*, 9 AD3d 783, 788-789 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Binns*, 299 AD2d 651, 653 [2002], *lv denied* 99 NY2d 612 [2003]). Nor was defendant prejudiced by the People's premature subpoena regarding the cell phone records (*see* CPL 610.20 [2]; 610.25 [1]; *People v Natal*, 75 NY2d 379, 385 [1990], *cert denied* 498 US 862 [1990]).

However, we agree with defendant's contention that County Court erred in failing to suppress $160 of recorded "buy money" seized from his home on the basis that it was not included in the warrant or the warrant application. Warrants must state with particularity the items that may be seized (*see* CPL 690.45 [4]; *People v Brown*, 96 NY2d 80, 84 [2001]). The warrant here did not specifically list currency as a permissible item to be seized and we are unpersuaded by the People's argument that currency is included in the category of "documents . . . that prove . . . [p]ossession, [s]ale or [c]onspiracy to [p]ossess, [s]ell and [d]istribute [h]eroin."[3] Nevertheless, on this record, the error was harmless because "there is no significant probability that the jury would have acquitted the defendant had it not

---

**2.** The warrant application states that defendant twice met with Thomas during a controlled buy and handed her "a quantity of glassine envelopes, which contained [heroin]."

**3.** Notably, a subsequent warrant issued in connection with a different prosecution of this defendant upon an application by the same detective specifically authorized seizure of "United States Currency" in addition to "any documents in written or electronic form."

been for the error that occurred" (*People v Smith*, 2 NY3d 8, 12-13 [2004]; *see People v Crimmins*, 36 NY2d 230, 237-238 [1975]).

Finally, defendant correctly asserts that he is entitled to a new suppression hearing with regard to the $10 seized from him upon his arrest (representing documented buy money from the June 21, 2005 controlled buy), as the People failed to turn over the property report relating to that money prior to the suppression hearing. Even though the report was turned over to the defense prior to cross-examination of its author at trial, defendant was completely deprived of any use of the report during the suppression hearing (*see People v Banch*, 80 NY2d 610, 617-619 [1992]). Because the issue of preclusion of the $10 involves a *Rosario* violation, no harmless error analysis may be applied (*see People v Banch*, 80 NY2d at 615; *People v Jones*, 70 NY2d 547, 551-553 [1987]). We note, however, that defendant is not entitled to an automatic reversal of the conviction (*see People v Banch*, 80 NY2d at 619). "Retrial is necessary only if, after [the new suppression] hearing, the motion court concludes that defendant should prevail" (*id.*). Accordingly, the matter must be remitted to Supreme Court for a new suppression hearing with regard to the $10 seized from him upon his arrest. We withhold decision on the remaining issues raised on appeal pending the determination of the new suppression hearing.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.