THIRD DEPARTMENT, AUGUST, 2009

(August 6, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MARSHALL, Appellant. [884 NYS2d 494]—

Stein, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 21, 2006 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

When this case was previously before this Court, we withheld decision and remitted the matter to the trial court for a new suppression hearing with regard to the $10 in buy money seized

from defendant upon his arrest (57 AD3d 1163 [2008]).* The facts surrounding this matter are set out in detail in that decision and will not be repeated here. Following a new suppression hearing held upon remittal, County Court (Herrick, J.) determined that the police had probable cause to arrest defendant and that the seizure of the $10 was proper as incident to defendant's lawful arrest. Both parties have submitted supplemental briefs addressing County Court's decision. In our view, County Court properly denied defendant's motion to suppress the $10 in buy money based upon the evidence adduced at the hearing upon remittal. Any conflicting testimony presented a credibility issue for the trier of fact to resolve, and we find no basis to set aside County Court's ruling (see People v McLean, 59 AD3d 861, 862-863 [2009]). After considering the remaining issues presented on this appeal, we now affirm the judgment of conviction.

Initially, we note that defendant failed to preserve his objections regarding the integrity of the grand jury proceedings (see People v Kuykendall, 43 AD3d 493, 494-495 [2007], lv denied 9 NY3d 1007 [2007]). We next address defendant's contention that there was legally insufficient evidence to support the convictions. When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People (see People v Brown, 46 AD3d 949, 951 [2007], lv denied 10 NY3d 808 [2008]) and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (see People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the People's theory at trial was that defendant, as a principal, sold heroin to a confidential informant (hereinafter CI), using Gina Thomas as his agent. Thus, the People were required to prove that defendant "knowingly and unlawfully" solicited, requested or intentionally aided Thomas in selling heroin to the CI (Penal Law § 220.39; see Penal Law §§ 20.00, 220.39 [1]; § 220.00 [7]).

The CI's testimony, together with defendant's telephone records, established that between June 9 and June 21, 2005, the CI telephoned defendant to ask if he could purchase heroin directly from him, to which defendant responded that the CI had to "go through somebody else." The totality of the evidence is legally sufficient to support a finding that defendant sold drugs to

---

* While this Court's decision may not have articulated defendant's obligation to demonstrate prejudice as required by CPL 240.75 (57 AD3d at 1166), it was not our intent to depart from our prior decisions in this regard (see e.g. People v Nelson, 1 AD3d 796, 797 [2003], lv denied 1 NY3d 631 [2004]).

Thomas, who then sold the same drugs to the CI, and that defendant "actively and knowingly participated in the charged sales by supplying the drugs and facilitating the actual transactions" (*People v Harris*, 288 AD2d 610, 617 [2001], *affd* 99 NY2d 202 [2002]; *see People v Roman*, 83 NY2d 866, 867 [1994]; *cf. People v Bello*, 92 NY2d 523, 526 [1998]).

We also reject defendant's contention that his convictions were against the weight of the evidence. Even if, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d at 495), viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we find that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

We discern no error in Supreme Court's determination to permit the CI to testify about his telephone conversation with defendant in which the CI inquired about purchasing heroin directly from defendant rather than through an intermediary. Although this issue was raised in conjunction with the People's *Molineux* proffer, the court properly determined that the conversation constituted "negotiations or res gestae or attempted transactions." Inasmuch as the conversation was relevant to establish "defendant's scheme or plan or modus operandi, an alleged drug transaction which involved an accomplice as an agent of the alleged seller," we decline to disturb Supreme Court's determination. Moreover, defendant's contention that the court should have given a limiting instruction is unpreserved for our review as there was no request for such instruction at trial (*see People v Bayne*, 82 NY2d 673, 676 [1993]).

Nor did Supreme Court err in admitting into evidence the recordings of the two controlled buys. Since the statements made by Thomas on the recordings were not testimonial, their admission did not deprive defendant of his Sixth Amendment rights (*see Crawford v Washington*, 541 US 36, 51, 52, 59 [2004]). Additionally, the statements were not hearsay because they were part of the criminal res gestae (*see People v Lewis*, 25 AD3d 824, 826 [2006], *lv denied* 7 NY3d 791 [2006]; *see also People v Adames*, 53 AD3d 503, 503 [2008], *lv denied* 11 NY3d 895 [2008]).

We are unpersuaded by defendant's argument that Supreme Court's instruction to the jury regarding the charge of criminal sale of a controlled substance in the third degree failed to adequately apprise the jury that the alleged sale could not have been from defendant to Thomas. It is well settled that no particular wording is required so long as the charge, as a whole, correctly conveys the proper standards for the jury to apply (*see People v Jackson*, 282 AD2d 830, 831 [2001], *lv denied* 96 NY2d 902 [2001]). Here, even defendant concedes that Supreme Court's charge implicitly instructed that the buyer could not be Thomas. Furthermore, we find unpreserved for review defendant's contention that the court incorrectly omitted from its instructions to the jury on accomplice liability certain language from Penal Law § 20.10, as defendant neither requested the language he now claims was improperly excluded nor objected to the charge as given (*see People v Buckley*, 75 NY2d 843, 846 [1990]; *People v Green*, 49 AD3d 1029, 1030 [2008], *lv denied* 10 NY3d 863 [2008]).

We have considered defendant's remaining contentions— including his assertions of prosecutorial misconduct, ineffective assistance of counsel and that his sentence was harsh and excessive—and find them to be without merit.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.