*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016               106993
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

DON-LEE GRAYSON,
                    Appellant.
_____


Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

                        _____


        Mitch Kessler, Cohoes, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered August 7, 2014, upon a verdict convicting
defendant of the crime of robbery in the first degree.

        Following a jury trial, defendant was convicted of robbery
in the first degree and sentenced to a prison term of 10 years,
followed by five years of postrelease supervision.  He was also
ordered to pay restitution in the amount of $2,095, along with a
5% surcharge.  Defendant now appeals.

        Defendant argues that County Court should have granted his
request to charge the jury on the lesser included offense of
robbery in the third degree.  To establish entitlement to a
lesser included offense charge, a defendant must demonstrate

that, "in all circumstances, . . . it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" and, secondarily, that "there is a reasonable view of the evidence . . . that would support a finding that he [or she] committed the lesser offense but not the greater" (People v Glover, 57 NY2d 61, 63 [1982]; see CPL 1.20 [37]; 300.50 [1]; People v Davis, 14 NY3d 20, 22-23 [2009]). Here, the People properly concede that it is impossible to commit robbery in the first degree without also committing robbery in the third degree (see Penal Law §§ 160.05, 160.15 [4]) and, thus, the parties disagree solely as to whether the second prong of the inquiry was satisfied.

In evaluating whether there is a reasonable view of the evidence that would support a finding that a defendant committed only the lesser offense, we must view the evidence in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 120-121 [2014]; People v Martin, 59 NY2d 704, 705 [1983]; People v Green, 56 NY2d 427, 434 [1982]). A lesser included offense charge may not be given unless "'there is . . . some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime'" (People v Rivera, 23 NY3d at 121, quoting People v Scarborough, 49 NY2d 364, 369-370 [1980]; accord People v Lora, 85 AD3d 487, 492 [2011], appeal dismissed 18 NY3d 829 [2011]). As relevant here, a conviction for robbery in the third degree requires proof that the defendant "forcibly st[ole] property" (Penal Law § 160.05), while a conviction for robbery in the first degree requires proof that the defendant "forcibly st[ole] property" and, in the course of doing so, "[d]isplay[ed] what appear[ed] to be a . . . firearm" (Penal Law § 160.15 [4]). To satisfy the display requirement, all that is required is a "show[ing] that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display" (People v Lopez, 73 NY2d 214, 220 [1989]; see People v Baskerville, 60 NY2d 374, 381 [1983]; People v Colon, 116 AD3d 1234, 1236 [2014], lv denied 24 NY3d 959 [2014]; CJI2d[NY] Penal Law § 160.15 [4]). "[T]he object displayed need not closely

resemble a firearm or bear a distinctive shape" and "even a hand consciously concealed in clothing may suffice, if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun [was] being used during the robbery" (People v Lopez, 73 NY2d at 220; see People v Colon, 116 AD3d at 1236; People v Welsh, 80 AD3d 456, 456 [2011], lv denied 16 NY3d 864 [2011]).

At trial, the bank teller testified that defendant entered the bank wearing a "ski mask" and a "pulled-down, dark ball cap," approached her teller station and slid her a note demanding five $100 bills and directing her "not to do anything stupid and that there was a gun." She stated that defendant immediately placed his hands in his pockets and that, although she never saw a gun, she believed defendant to have one because, "[t]hroughout the robbery, . . . both of his hands were in his pocket[s] pushed forward." The bank's comprehensive surveillance footage corroborated the victim's testimony that defendant slid her a note and then put both of his hands in his pockets. Viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that could lead to the conclusion that it was unreasonable for the bank teller to believe that defendant had a gun, given his conduct of concealing his face during the robbery, indicating by note that he had a gun and thereafter consciously placing his hands in his pockets (see People v James, 11 NY3d 886, 887-888 [2008]; People v Ruiz, 216 AD2d 63, 63-64 [1995], affd 87 NY2d 1027 [1996]). Accordingly, County Court did not err in refusing to charge the jury on the lesser included offense of robbery in the third degree.

We also disagree with defendant's contention that County Court incorrectly instructed the jury that, if the People proved beyond a reasonable doubt that defendant was in exclusive possession of money recently stolen during a robbery, then it was permitted, but not required, to infer that defendant's possession resulted from his participation in the robbery. Here, the evidence revealed that the bank teller included a red-dye pack in the envelope of money that she gave to defendant, that defendant visited a bank roughly two weeks after the robbery and attempted to exchange red-dyed money for "clean" money, that defendant paid his rent with "red-tinted" $50 bills two weeks after he was

unable to exchange the dyed money and that a particular red dye and tear gas combination used exclusively in bank dye packs was found on those $50 bills.  This evidence could justify an inference that defendant was guilty of the robbery and, contrary to defendant's assertions, was not so far removed in time or otherwise tenuous so as to render the recent and exclusive possession charge improper (see generally People v Baskerville, 60 NY2d at 383; People v Galbo, 218 NY 283, 291 [1916]). Therefore, County Court acted within its discretion in giving the exclusive possession of property recently stolen charge to the jury over defendant's objection.

Peters, P.J., Garry, Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court