Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 17, 2016                    107066
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BRANDON M. MARTINEZ,
                        Appellant.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown
(Michael P. Langey of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Essex County
(Meyer, J.), rendered October 16, 2014, upon a verdict convicting
defendant of the crimes of criminal sale of a controlled
substance in the third degree (two counts) and criminal
possession of a controlled substance in the third degree (two
counts).

        Defendant was charged with criminal sale of a controlled
substance in the third degree (two counts) and criminal
possession of a controlled substance in the third degree (two
counts) after he sold crack cocaine to a confidential informant
on two occasions.  After he rejected a plea offer and proceeded
to a jury trial, he was found guilty as charged.  County Court
thereafter sentenced defendant to an aggregate prison term of 12

years, followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole argument on appeal – that the imposed sentence was in retaliation for exercising his constitutional right to a jury trial – may well be unpreserved for our review given the arguable failure of defendant or his counsel to raise the issue at sentencing (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]; People v Gallup, 302 AD2d 681, 685 [2003], lv denied 100 NY2d 594 [2003]). In any event, the fact that the imposed sentence was longer than the one offered defendant during the plea negotiations "'is not proof that defendant was penalized for exercising his right to a jury trial'" (People v Young, 86 AD3d 796, 800 [2011], lv denied 17 AD3d 905 [2011], quoting People v Robinson, 72 AD3d 1277, 1278 [2010], lv denied 15 NY3d 809 [2010]; see People v McCray, 96 AD3d 1160, 1161 [2012], lv denied 19 NY3d 1104 [2012]). While defendant was considering a plea offer tendered by the People, County Court advised defendant of his potential sentencing exposure should he be convicted as charged following a jury trial. The court further stressed that it had no interest in penalizing defendant for proceeding to trial, but advised him that the light sentence offer reflected his willingness to enter a guilty plea to a reduced charge that would have protected a confidential informant whose identity had not yet been disclosed. Defendant nevertheless rebuffed that and all other efforts to resolve the charges and proceeded to a trial where the informant testified, and the extent of defendant's involvement in the drug trade was made apparent. "[T]he quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater," and the record before us reveals no evidence of retaliation or vindictiveness on the part of County Court stemming from defendant's refusal to accept a plea bargain (People v Pena, 50 NY2d 400, 412 [1980], cert denied 449 US 1087 [1981]; see People v Martinez, 26 NY3d 196, 200 [2015]; People v Molina, 73 AD3d 1292, 1293 [2010], lv denied 15 NY3d 807 [2010]; People v Pepper, 89 AD2d 714, 718 [1982], affd 59 NY2d 353 [1983]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court