Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: December 8, 2016                    105775
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOSHUA VAN HOESEN,
                        Appellant.
_____

Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

                    _____


        Eric K. Schillinger, East Greenbush, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

                    _____


Aarons, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered March 15, 2013, convicting defendant
following a nonjury trial of the crime of criminal sale of a
controlled substance in the third degree.

        Defendant was indicted and charged with criminal sale of a
controlled substance in the third degree stemming from his sale
of crack cocaine to a confidential informant (hereinafter CI).
Following a nonjury trial, defendant was found guilty as charged.
County Court thereafter denied defendant's CPL 330.30 (1) motion
to set aside the verdict and sentenced defendant, as a second
felony offender, to a prison term of three years, to be followed

by three years of postrelease supervision.  Defendant appeals.[1]
We affirm.

    Defendant contends that there was legally insufficient
evidence to support his conviction because the CI was an
accomplice whose testimony was not corroborated.  For this same
reason, defendant argues that his CPL 330.30 (1) motion to set
aside the verdict was improperly denied.  We disagree.  "An
informant acting as an agent of the police without the intent to
commit a crime is not an accomplice whose testimony requires
corroboration" (People v Thaddies, 50 AD3d 1249, 1249 [2008]
[internal quotation marks and citations omitted], lv denied 10
NY3d 965 [2008]).  Furthermore, the police detectives' testimony
concerning their observations of the controlled buy and the
cocaine sold to the CI by defendant, which the CI turned over to
the police, sufficiently corroborated the CI's testimony (see
People v Matthews, 101 AD3d 1363, 1365-1366 [2012], lvs denied 20
NY3d 1101, 1104 [2013]; People v Kennedy, 78 AD3d 1233, 1236-1237
[2010], lv denied 16 NY3d 896 [2011]).  Even though the police
detectives did not see the actual transaction take place between
the CI and defendant, "corroborative evidence need only tend to
connect the defendant with the commission of the crime in such a
way as may reasonably satisfy the [trier of fact] that the
accomplice is telling the truth" (People v Rodriguez, 121 AD3d
1435, 1439 [2014] [internal quotation marks, brackets and
citations omitted], lv denied 24 NY3d 1122 [2015]).  Accordingly,
we find that legally sufficient evidence exists to support the
conviction and that defendant's CPL 330.30 motion was properly
denied.

    We also disagree with defendant's contention that County
Court erred in granting the People's pretrial motion to amend the
indictment to change the location of the charged crime from a
residential building to the laundromat located approximately one
block away.  This change in location did not alter the People's

_____

    [1]  Although defendant's notice of appeal sets forth the
incorrect date of the judgment of conviction, we exercise our
discretion to overlook this inaccuracy and treat the notice of
appeal as valid (see CPL 460.10 [6]).

theory of the case nor did defendant suffer any prejudice by it. We therefore find no error in allowing the amendment (see People v Hawkins, 130 AD3d 1298, 1302 [2015], lv denied 26 NY3d 968 [2015]; People v Cruz, 61 AD3d 1111, 1112 [2009]; People v Clapper, 123 AD2d 484, 485 [1986], lv denied 69 NY2d 825 [1987]).

Peters, P.J., Garry, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court