People v Luciano (2017 NY Slip Op 05770)





People v Luciano


2017 NY Slip Op 05770


Decided on July 20, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 20, 2017

108992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALEXANDER LUCIANO, Appellant.

Calendar Date: June 7, 2017

Before: Peters, P.J., Rose, Mulvey, Aarons and Pritzker, JJ.


Kindlon Shanks & Associates, Albany (Terrence L. Kindlon of counsel), for appellant.
Joel E. Abelove, District Attorney (Vincent J. O'Neill of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered July 18, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts) and the violation of unlawful possession of marihuana.
In April 2015, the City of Troy Police Department obtained a search warrant for defendant's residence. The search warrant was predicated on two controlled buys of marihuana by a confidential informant (hereinafter CI) conducted in March and April 2015 from defendant. When the search warrant was executed, as relevant here, the police seized heroin and MDMA and arrested defendant [FN1]. In an October 2015 indictment, defendant was charged with: criminal possession of a controlled substance in the third degree (count 1, heroin with intent to sell); criminal possession of a controlled substance in the fourth degree (count 2, heroin with an aggregate weight of one-eighth ounce or more); criminal possession of a controlled substance in the fourth degree (count 3, MDMA); criminal possession of a controlled substance in the fifth degree (count 4, heroin with intent to sell); criminal possession of a controlled substance in the seventh degree (count 5, MDMA); unlawful possession of marihuana (count 6); and criminally using drug paraphernalia in the second degree [*2](counts 7 and 8). Defendant moved for suppression of the evidence obtained in the search, alleging that the search warrant was not based upon probable cause. After County Court conducted an evidentiary hearing and an in camera Darden examination of the CI, the court denied defendant's motion.
Following a jury trial, defendant was found guilty of criminal possession of a controlled substance in the seventh degree under counts 1, 4 and 5, criminal possession of a controlled substance in the fourth degree under counts 2 and 3 and unlawful possession of marihuana under count 6 [FN2]. At sentencing, since the convictions under counts 1 and 4 both pertained to the same heroin, count 4 was dismissed as duplicitous. The court sentenced defendant as a second felony drug offender to the maximum term of eight years in prison followed by three years of postrelease supervision on his convictions under counts 2 and 3, one year in jail on his convictions under counts 1 and 5 and time served on his conviction under count 6, all sentences to run concurrently. Defendant appeals.
Initially, we note that defendant's convictions under counts 1 and 5 of the indictment for criminal possession of a controlled substance in the seventh degree must be dismissed as inclusory concurrent counts of the convictions for criminal possession of a controlled substance in the fourth degree under counts 2 and 3, respectively (see CPL 300.40 [3] [b]; People v Lee, 39 NY2d 388, 390 [1976]; People v Harris, 147 AD3d 1328, 1331 [2017]; People v Guerrero, 129 AD3d 1102, 1103 [2015], lv denied 26 NY3d 968 [2015]).
We turn next to defendant's contention that County Court erred when it denied his suppression motion with respect to the evidence seized during the search. Defendant argues that, since the testimony of the CI at the Darden hearing contradicted the statements made by the police officer in the application for the search warrant, the People failed to establish the reliability of the CI and, therefore, the search warrant was not supported by probable cause. "[A] search warrant application must entail sufficient information to support a reasonable belief that evidence of a crime will be found in a particular place" (People v Pasco, 134 AD3d 1257, 1258 [2015]). It "may be validly based upon hearsay information found to be reliable [and,] [i]n this regard, an affidavit by a police officer which is based upon the observations made by a fellow police officer when the two are engaged in a common investigation furnishes a reliable basis for the warrant" (People v Marshall, 57 AD3d 1163, 1164 [2008] [internal quotation marks, ellipsis and citation omitted]).
At the evidentiary hearing and in his sworn statement in support of the application for the search warrant, John A. Comitale Jr., a detective with the Troy Police Department, stated that the CI "is a proven and reliable [i]nformant, who has participated in numerous controlled narcotics [buys] for the Troy Police Department which have resulted in numerous person(s) being [i]ndicted and/or arrested." County Court found that the testimony of the CI at the Darden hearing established that this was the first controlled buy that the CI participated in for the police. This finding contradicted the testimony and statement of Comitale with respect to the CI's proven reliability as a CI. Notwithstanding this contradiction, County Court found that the application contained sufficient probable cause to support the issuance of the search warrant based on Comitale's explanation of the CI's two controlled buys of marihuana at defendant's residence. County Court further found that defendant had not demonstrated by a preponderance of the [*3]evidence that the false statements made by Comitale regarding the CI's reliability were made "knowingly and intentionally, or with reckless disregard for the truth and that without such misstatements, the remaining allegations would have been insufficient to establish probable cause" (People v Myers, 241 AD2d 705, 706 [1997] [internal quotation marks, ellipsis and citations omitted], lv denied 91 NY2d 877 [1997]; see People v Marshall, 57 AD3d at 1165).
Comitale further stated that the CI informed him that large quantities of marihuana could be purchased from defendant and that he had been in defendant's residence on several occasions. This statement, without more, would be insufficient to support a finding of probable cause in a search warrant application since the CI "had no record of reliability" (People v Mitchell, 57 AD3d 1232, 1232 [2008], lv denied 12 NY3d 760 [2009]). However, based on the information from the CI, the police conducted two controlled buys of marihuana at defendant's residence. Probable cause to believe that defendant was involved in the sale of marihuana was then supported not only by the information furnished by the CI, but also by information from the police officers directly involved in the controlled buy operations (see People v Marshall, 57 AD3d at 1165). The application for the search warrant set forth Comitale's training and experience as a police officer, including his experience as a detective in the Troy Police Department's Narcotics Unit. In the application and in his testimony at the suppression hearing, Comitale related information provided to him by the police officers directly involved in the controlled buy operations who had personally listened to the pre-buy phone calls with defendant, as well as audio transmissions from the transmitter that the CI was wearing during the controlled buys. He also related the observations of the CI provided by the police officers prior to, during and after the buys. Under the circumstances here, the information supplied by Comitale, based on his own knowledge and the hearsay statements of the other officers involved in the controlled buys, sufficiently corroborated the CI's statement that large quantities of marihuana could be purchased from defendant (see People v Van Hoesen, 145 AD3d 1183, 1184 [2016]). We therefore find that there was sufficient information presented to the issuing court to support the issuance of the search warrant.
Defendant next argues that his conviction of criminal possession of a controlled substance in the fourth degree under count 3 is not supported by legally sufficient evidence and is against the weight of the evidence. At the close of the People's case, defendant moved to dismiss the entire indictment, but failed to specify the grounds upon which count 3 should be dismissed. Thus, his legal sufficiency argument is "unpreserved for review in the absence of a trial motion to dismiss premised on the specific grounds now being raised on appeal" (People v Novak, 148 AD3d 1352, 1353 [2017]; see People v Thorpe, 141 AD3d 927, 928 [2016], lv denied 28 NY3d 1031 [2016]). "Nevertheless, we must, as part of our weight of the evidence review, evaluate whether the elements of each crime were proven beyond a reasonable doubt" (People v Collier, 146 AD3d 1146, 1147-1148 [2017] [citations omitted]; see People v Danielson, 9 NY3d 342, 349 [2007]).
In his testimony, defendant denied possessing the MDMA and a different verdict would not have been unreasonable if the jury decided to believe defendant's testimony. Thus, we, "like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; accord People v Collier, 146 AD3d at 1148). As is relevant here, "[a] person is guilty of criminal possession of a controlled substance in the fourth degree when he [or she] knowingly and unlawfully possesses . . . a hallucinogenic substance and said hallucinogenic substance weighs one gram or more" (Penal Law § 220.09 [7]). The MDMA was found during the search of a closet in the bedroom where defendant was found sleeping. The police detectives who were involved in the search [*4]testified as to the circumstances surrounding its discovery. Uncontroverted testimony established the identification of the substance and its weight. Defendant's testimony was apparently intended to convince the jury that the MDMA must have been left there by a previous occupant of the residence. Since testimony established that the MDMA was found in defendant's bedroom closet, a location where he exercised dominion and control, the jury could reasonably reject defendant's version of the MDMA's discovery and instead attribute constructive possession of the MDMA to defendant (see People v Leduc, 140 AD3d 1305, 1306 [2016], lv denied 28 NY3d 932 [2016]; People v Sawyer, 23 AD3d 845, 846 [2005], lv denied 6 NY3d 852 [2006]). "[V]iewing the evidence in a neutral light and according deference to the jury's credibility determinations," we find that the verdict as to this count is not against the weight of the evidence (People v Gunn, 144 AD3d 1193, 1194 [2016], lv denied 28 NY3d 1145 [2017]).
Defendant next contends that he was denied his due process rights to actively participate in his defense due to illness. We find this argument to be unpreserved for appellate review, as defendant never requested an adjournment because of any claimed infirmity (see People v Cooper, 234 AD2d 77, 78 [1996], lv denied 89 NY2d 1090 [1997]). However, were we to consider the issue, we would find it without merit. The key inquiry in such situation is whether the defendant "'has sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding — and whether he [or she] has a rational as well as a factual understanding of the proceedings against him [or her]'" (People v Phillips, 16 NY3d 510, 516 [2011], quoting Dusky v United States, 362 US 402, 402 [1960]). County Court noted that it had observed defendant during the period of his alleged illness and that he was taking notes, participating and seemed attentive. Defendant was present every day of the trial and, at one point, he was asked by the court whether he had sufficient time to discuss one of the multiple plea offers that had been extended to him. Defendant responded to the court's questioning without hesitation, thus demonstrating his ability to understand the proceedings.
Defendant's contention that County Court erred when it refused to charge criminal possession of a controlled substance as a lesser included offense of count 2 of the indictment requires little discussion. "To establish entitlement to a lesser included offense charge, a defendant must demonstrate that, in all circumstances, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense and, secondarily, that there is a reasonable view of the evidence that would support a finding that he [or she] committed the lesser offense but not the greater" (People v Grayson, 138 AD3d 1250, 1251 [2016] [internal quotation marks, ellipses and citations omitted], lv denied 27 NY3d 1132 [2016]; see CPL 300.50 [1]; People v Hernandez, 42 AD3d 657, 658 [2007]).
Count 2 of the indictment charged defendant with criminal possession of a controlled substance in the fourth degree due to defendant's possession of heroin weighing more than one eighth of an ounce. To determine whether defendant would be entitled to the lesser included offense charge of criminal possession of a controlled substance in the seventh degree under this count, "we must view the evidence in the light most favorable to the defendant" (People v Grayson, 138 AD3d at 1251). Here, the testimony of Comitale estimated the weight of the heroin seized at over six grams. John Colaneri, a detective with the Troy Police Department, testified that he field tested the substance and determined it to be heroin. Adam Prusick, a forensic scientist with the State Police Crime Lab, testified that he analyzed the substance that was recovered from the search and determined it to be heroin. Scott Earing, a detective with the City of Rensselaer Police Department, testified that he weighed the heroin and it weighed approximately eight grams. Defendant offered no testimony that would call into doubt the identification of the substance or its weight. Based on the testimony of the two police detectives as to the weight of the heroin, the scientific test that confirmed the substance to be heroin and in [*5]the absence of any "reasonable view of the evidence to support a finding that . . . defendant committed the lesser offense but not the greater" (People v Hernandez, 42 AD3d at 658), County Court did not err in refusing to charge the lesser included offense with respect to this count of the indictment.
Finally, we find no support in the record for defendant's contentions regarding his sentence. Defendant's claim that the imposed sentence was in retaliation for him exercising his constitutional right to trial is unpreserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Martinez, 144 AD3d 1326, 1326 [2016], lv denied 28 NY3d 1186 [2017]). "Even had defendant preserved his claim that he was punished for exercising his right to trial, the mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations does not, without more, establish retaliation or vindictiveness" (People v Major, 143 AD3d 1155, 1160 [2016] [internal citations omitted], lv denied 28 NY3d 1147 [2017]). We note that, during the trial and after the People had rested, County Court clarified the multiple plea offers made by the People, many of which would have enabled defendant to address his addiction to heroin. At that point, defendant rejected the last offer made. We find that "the record contains no support for the conclusion that the sentence was retaliatory rather than based upon the seriousness of [the] offense[s] and other relevant sentencing factors" (People v Haskins, 121 AD3d 1181, 1185 [2014], lv denied 24 NY3d 1120 [2015]; see People v Martinez, 144 AD3d at 1327). As to defendant's contention that we should exercise our interest of justice jurisdiction to reduce his sentence (see CPL 470.20 [6]), given defendant's lengthy criminal history, poor record on supervision and multiple opportunities to address his addiction through treatment programs, we find no extraordinary circumstances or abuse of discretion to warrant a modification (see People v Miller, 113 AD3d 935, 936 [2014], lv denied 22 NY3d 1201 [2014]).
Peters, P.J., Rose, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's convictions of criminal possession of a controlled substance in the seventh degree under counts 1 and 5 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.



Footnotes

Footnote 1: MDMA is more commonly known as ecstasy (see 
Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d 210, 214 [2015]).

Footnote 2: The guilty verdicts under counts 1 and 4 were for lesser included offenses.