Rose, J.
 

 Appeals (1) from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered March 30, 2015, upon a verdict convicting defendant of the crimes of assault in the first degree, aggravated assault on a peace officer and assault in the second degree (two counts), and (2) from a judgment of said court, rendered August 19, 2015, which resen-tenced defendant on his convictions of assault in the second degree (two counts).
 

 Defendant, an inmate in a local correctional facility, was being escorted from the recreation area (hereinafter rec area) when he instigated a physical altercation with two correction officers. During the ensuing struggle, defendant allegedly struck one of the correction officers (hereinafter the victim) in the head with a water jug, causing the victim to lose consciousness. As a result, defendant was charged by indictment with assault in the first degree, aggravated assault on a peace officer and assault in the second degree (two counts). Following a jury trial, defendant was convicted as charged. He was subsequently sentenced, as a second felony offender, to concurrent prison terms, the greatest of which was 20 years, followed by five years of postrelease supervision. Defendant now appeals.
 
 *
 

 Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. Although defendant failed to preserve his legal sufficiency claim (see People v Anthony, 152 AD3d 1048, 1053 [2017], lv denied 30 NY3d 978 [2017]; People v Place, 152 AD3d 976, 977 [2017]), “our weight of the evidence review includes an evaluation as to whether the elements of the crimes for which defendant was convicted were proven beyond a reasonable doubt” (People v Spencer, 152 AD3d 863, 863 [2017] [internal quotation marks, brackets and citation omitted], lv denied 30 NY3d 983 [2017]; see People v Odofin, 153 AD3d 972, 974 [2017]). “Where, as here, an acquittal would not have been unreasonable, we must ‘weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions’ ” (People v Stacconi, 151 AD3d 1395, 1396 [2017], quoting People v Danielson, 9 NY3d 342, 348 [2007] [citation omitted]).
 

 As charged here, a defendant is guilty of assault in the first degree when, “[w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person” by means of a dangerous instrument (Penal Law § 120.10 [1]). A defendant is guilty of aggravated assault on a peace officer “when, with intent to cause serious physical injury to a person whom [the defendant] knows or reasonably should know to be a . . . peace officer engaged in the course of performing his [or her] official duties, [the defendant] causes such injury by means of a . . . dangerous instrument” (Penal Law § 120.11). As relevant to these charges, “serious physical injury” is defined as physical injury which causes “protracted impairment of health” (Penal Law § 10.00 [10]). Concerning the two counts of assault in the second degree, pursuant to Penal Law § 120.05 (3), a defendant is guilty of this crime when, with intent to prevent a peace officer from performing a lawful duty, he or she causes injury to the peace officer. Pursuant to Penal Law § 120.05 (7), a defendant is also guilty of assault in the second degree when, “[h]aving been charged with or convicted of a crime and while confined in a correctional facility,” he or she intended to cause physical injury to another person and does cause such injury.
 

 The proof established that, on the day of the incident, the victim was on duty and in charge of transporting defendant to the rec area when defendant refused the victim’s command to stop talking. The victim then informed defendant that he would have to go back to his floor, and a verbal altercation ensued. Anthony Massaro, a correction officer who was leaving the correctional facility for the day and was carrying a water jug, overheard defendant swearing at the victim and stepped in to assist the victim. According to Massaro, while he and the victim were escorting defendant away from the rec area, defendant suddenly turned toward them in an “aggressive” manner with his hands raised in the air. At that point, Massaro let go of his water jug and used a takedown technique to put defendant on the ground. All three ended up on the ground, while defendant fought off efforts by Massaro and the victim to restrain him and disregarded their commands to stop resisting. Massaro testified that, despite his efforts, defendant was able to reach the water jug with his left hand and strike the victim with it “at least a couple of times.” For his part, defendant presented the testimony of three inmate witnesses who each disputed Massaro’s account and stated that the victim instigated the encounter by grabbing defendant and throwing him to the ground. According to the inmate witnesses, at no point did defendant strike the victim.
 

 As to the proof regarding the victim’s injuries, the victim testified that when he was hit in the head, he experienced a high level of pain and he passed out and did not regain consciousness until after the incident had subsided. Adam Sheldon, a correction officer who responded to the scene while the altercation was still ongoing, testified that he found the victim unconscious on the floor. When the victim regained consciousness, Sheldon asked him questions, which were met with “blank stares.” The victim was ultimately transported to a nearby hospital, where he was diagnosed with a contusion, hematoma and swelling on the right side of his head, a closed head injury and postconcussive syndrome. The uncontroverted medical proof established that, as a result of these injuries, the victim suffers from posttraumatic stress disorder and has continued to experience cognitive disturbances, including memory loss, pain on the right side of his head, chronic headaches, ringing in his ears, sleeping issues and psychiatric disturbances, such as depression and anxiety. The victinfs treating psychologist opined at trial—almost a year after the assault— that, as a result of the victim’s continued symptoms, he was still not ready to return to work.
 

 After viewing the foregoing evidence in a neutral light and according deference to the jury’s credibility determinations (see People v Byrd, 152 AD3d 984, 986 [2017]), we are satisfied that each element of the charged crimes was established beyond a reasonable doubt (see generally People v Danielson, 9 NY3d at 348-349). In reaching this conclusion, we reject defendant’s contention that the evidence failed to establish that the victim sustained a “serious physical injur/’—as required to find bim guilty of assault in the first degree and aggravated assault on a peace officer—in light of the ample testimony concerning the myriad of symptoms that the victim was still experiencing at the time of trial as a result of his injuries (see Penal Law § 10.00 [10]; cf. People v Casey, 61 AD3d 1011, 1013 [2009], lv denied 12 NY3d 913 [2009]; compare People v Stewart, 18 NY3d 831, 832-833 [2011]; People v Daniels, 97 AD3d 845, 847 [2012], lv denied 20 NY3d 931 [2012]; People v Gray, 30 AD3d 771, 772-773 [2006], lv denied 7 NY3d 848 [2006]). Contrary to defendant’s contention, the evidence also established that the victim was performing his official and lawful duties at the time that the incident occurred (see Penal Law §§ 120.11, 120.05 [3]; see People v Dancy, 87 AD3d 759, 760-761 [2011]; compare People v Tucker, 141 AD3d 748, 751 [2016]). Although defendant also argues that Massaro’s account of what transpired was not believable, any discrepancies in Massaro’s testimony were explored at trial and “posed credibility questions for the jury to resolve” (People v Malak, 117 AD3d 1170, 1174 [2014], lv denied 24 NY3d 1086 [2014]; accord People v Wells, 141 AD3d 1013, 1023 [2016], lv denied 28 NY3d 1189 [2017]; see People v Bautista, 147 AD3d 1214, 1216 [2017]).
 

 We reject defendant’s contention that County Court abused its discretion in its Sandoval ruling. Prior to trial, the People sought to impeach defendant with evidence of 29 prior convictions and bad acts in the event that he elected to testify. During the Sandoval hearing, County Court thoroughly examined each of the convictions and bad acts, precluded inquiry into 21 of them and placed limitations on the extent of the People’s inquiry as to most of the remaining eight convictions and bad acts. Given County Court’s careful analysis and the restrictions it placed to limit the potential for prejudice, we find no abuse of discretion (see People v Watson, 150 AD3d 1384, 1387 [2017], lv denied 29 NY3d 1135 [2017]; People v Iovino, 149 AD3d 1350, 1353-1354 [2017], lv denied 30 NY3d 950 [2017]; People v Lee, 129 AD3d 1295, 1298 [2015], lv denied 27 NY3d 1001 [2016]).
 

 Defendant also challenges County Court’s Molineux ruling, which permitted the People to introduce evidence of an incident between defendant and the victim that occurred the morning of the assault and an incident between defendant and another correction officer that occurred 15 days prior to the assault. Upon our review of the record, we find that County Court properly permitted the People to introduce evidence of these two incidents inasmuch as they each provided necessary background information, established defendant’s motive and intent to commit the assault and were more probative than prejudicial (cf. People v Burnell, 89 AD3d 1118, 1120-1121 [2011], lv denied 18 NY3d 922 [2012]; see generally People v Morris, 21 NY3d 588, 594-595 [2013]). Moreover, we note that County Court provided appropriate limiting instructions regarding this evidence (see People v Anthony, 152 AD3d at 1051; People v Womack, 143 AD3d 1171, 1174 [2016], lv denied 28 NY3d 1151 [2017]). Contrary to defendant’s related contention, the People did not improperly expand the court’s Molineux ruling at trial.
 

 Finally, we find preserved for our review defendant’s claim that the sentence imposed was in retaliation for exercising his constitutional right to trial in that it was longer than the People’s pretrial plea offer (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Luciano, 152 AD3d 989, 995 [2017], lv denied 30 NY3d 1020 [2017]; People v Martinez, 144 AD3d 1326, 1326 [2016], lv denied 28 NY3d 1186 [2017]). In any event, at sentencing, County Court noted that, at the time that the plea offers were discussed, the court was unaware of the “life-altering” circumstances that the assault had on the victim. In light of this, coupled with County Court’s discussion of the relevant sentencing factors that it had considered, we find that defendant’s claim is refuted by the record (see People v Martinez, 144 AD3d at 1327; People v Major, 143 AD3d 1155, 1160 [2016], lv denied 28 NY3d 1147 [2017]).
 

 Defendant’s remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be lacking in merit.
 

 Garry, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgments are affirmed.
 

 *
 

 After being advised that an incorrect period of postrelease supervision had been imposed on both counts of assault in the second degree, County Court resentenced defendant on those counts. Although defendant filed a notice of appeal from that judgment, he does not raise any issue with respect to the resentencing.