People v McCullough (2025 NY Slip Op 05610)

People v Mccullough

2025 NY Slip Op 05610

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

737 KA 22-01669

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL MCCULLOUGH, DEFENDANT-APPELLANT. 

JULIA CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered September 27, 2022. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the third degree and dismissing count 1 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]).
Defendant—a passenger in a vehicle stopped by the police—was found in possession of two bags of crack cocaine, weighing 6.512 grams in the aggregate. As defendant contends, and the People correctly concede, the evidence adduced at trial is legally insufficient to establish that the defendant intended to sell the narcotics (see People v Nellons, 133 AD3d 1258, 1259 [4th Dept 2015]). However, contrary to the parties' contentions, the top count cannot be reduced to criminal possession of a controlled substance in the seventh degree, inasmuch as criminal possession of a controlled substance in the seventh degree is an inclusory concurrent count of criminal possession of a controlled substance in the fourth degree, of which defendant was also convicted (see CPL 300.30 [4]; 300.40 [3] [b]; People v Luciano, 152 AD3d 989, 991 [3d Dept 2017], lv denied 30 NY3d 1020 [2017]; People v Mann, 231 AD2d 914, 914-915 [4th Dept 1996], lv denied 89 NY2d 866 [1996]). The top count must therefore be dismissed altogether (see CPL 300.40 [3] [b]; Luciano, 152 AD3d at 991). We thus modify the judgment by reversing that part convicting defendant of criminal possession of a controlled substance in the third degree and dismissing that count of the indictment.
Finally, contrary to defendant's contention, the sentence imposed upon his conviction of criminal possession of a controlled substance in the fourth degree is not unduly harsh or severe.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court